**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Geraldo Antonio CEDENO–REYES, a.k.a. Melvin Gomez, a.k.a. Victor Javier Ocasio Ortega, Defendant–Appellant.**

**No. 10–15703**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 2011.

Peggy Morris Ronca, Assistant U.S. Attorney, Stephanie E. Gorman, U.S. Attorney's Office, Orlando, FL, Robert E. O'Neill, David Paul Rhodes, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

H. Kyle Fletcher, Office of H. Kyle Fletcher, Oviedo, FL, for Defendant–Appellant.

Before EDMONDSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Saying his sentence is substantively unreasonable, Geraldo Antonio Cedeno–Reyes appeals his 39–month total sentence, imposed after pleading guilty to one

count of falsely impersonating a United States citizen, in violation of 18 U.S.C. § 911 ("Count 1"), one count of falsely representing a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) ("Count 2"), one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) ("Count 3"), and one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) ("Count 4").

Briefly stated, the district court imposed its sentence because Cedeno–Reyes entered the United States after already having been deported, and used a false alias on 11 occasions in order to take advantage of everything he could. *See* 18 U.S.C. § 3553(a)(1), (2) (nature and circumstances of offense, history of defendant, and need for deterrence). Further, it considered Cedeno–Reyes's guilty plea and cooperation with the government. 18 U.S.C. § 3553(a)(1)(history of defendant). Cedeno–Reyes's sentence is the minimum possible sentence within the applicable Guideline range and is more than 18 years less than the maximum statutory penalty of 22 years that he faced. *See* 8 U.S.C. § 1326(b)(2) (20–year statutory maximum); 18 U.S.C. § 1028A(a), (b) (mandatory consecutive 2–year sentence).

Cedeno–Reyes has not demonstrated that the district court abused its discretion when it weighed the 18 U.S.C. § 3553(a) factors and that his sentence was, therefore, substantively reasonable. Accordingly, we affirm.

AFFIRMED.